IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 23 2014

CLERK, U.S. DISTRICT C...
By_____

| | | |
|---|---|---|
| LANCE MARCELL STAMPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-876-A |
| | § | |
| CAPITAL ONE FINANCIAL CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
## and
## ORDER

Now before the court is the motion of defendants, Capital One, N.A. ("Capital One") and Stephen Crawford, to dismiss the complaint of plaintiff, Lance Marcell Stamper, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response, and defendants filed a reply. After having considered all the parties' filings and applicable legal authorities, the court concludes that the motion to dismiss should be granted.

I.

### Background

Plaintiff initiated this action by filing a complaint in this court on October 28, 2014. Plaintiff's complaint alleged

that he entered into a binding agreement with Capital One, and that defendants have breached such agreement.

Plaintiff made the following factual allegations in his complaint:

On May 10, 2014, plaintiff mailed a "Presentment" to defendants, which was delivered on May 13, 2014. Compl. at 2, ¶¶ 11-12. Defendants failed to perform pursuant to the terms and conditions of that "Presentment." Id., ¶¶ 13-14. Plaintiff mailed a "Second Notice" on June 27, 2014, which was successfully delivered June 30, 2014. Id. at 3, ¶¶ 15-16. Defendants did not respond to that notice either. Id., ¶¶ 17-18. Plaintiff claimed that upon receipt of the presentment, defendants had a duty to "settle, close, and/or ledger the related account #0033000200****, balance(s) as zero." Id., ¶ 22. As a result, plaintiff sought a declaration as to the parties' rights and obligations under the agreement. Id., ¶ 24.

II.

Plaintiff's Claims and Grounds of Defendants' Motion

The complaint alleged a claim for a declaratory judgment clarifying the parties' interests and obligations. Defendants' motion contends that the case should be dismissed because this court does not have subject matter jurisdiction over the dispute insofar as the amount in controversy is less than that required

2

for the court to exercise diversity jurisdiction under 28 U.S.C. § 1332.

## III.

### Standards Applicable to Motion to Dismiss

Prior to ruling on the merits of a case, the court must first "satisfy itself of its jurisdiction over the subject matter . . . ." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Under 28 U.S.C. § 1332, the court has diversity jurisdiction over civil actions where the amount in controversy is greater than $75,000.00. Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002). "In an action for declaratory relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" Id. (internal citation omitted). The court "must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount." Id. "If the amount in controversy is not apparent, we may then rely on 'summary judgment' type evidence." Id. (internal citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

3

IV.

## Application of Law to Facts

Plaintiff contends that the amount in controversy exceeds $75,000.00, because the "Presentment" he mailed to Capital One was valued at $90,000.00. Compl., Ex. 1 at 6. In turn, defendants argue that the amount in controversy is actually the outstanding balance of the note, which is $30,020.87. Mot., Ex. A at ¶ 6. Plaintiff argues that the note is not relevant to the present lawsuit. However his complaint asked the court to rule that the "Presentment" was payment in full of the note amount, and that plaintiff no longer owed such amount to defendants. For that reason, the value of relief sought in this action is the $30,020.87 balance of the note, which is less than the amount in controversy required for this court to have subject matter jurisdiction under 28 U.S.C. § 1332. Therefore defendants' motion to dismiss should be granted.

V.

## Order

Therefore,

The court ORDERS that the motion to dismiss filed by defendants, Capital One, N.A. and Stephen Crawford, be, and is hereby, granted, and that all claims and causes of action

4

asserted by plaintiff, Lance Marcell Stamper, be, and are hereby, dismissed with prejudice.

The court further ORDERS that plaintiff's motion for leave to file a sur-reply be, and is hereby, denied.

SIGNED December 23, 2014.

_____
JOHN McBRYDE
United States District Judge